**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Kevin MOESCH, Defendant-Appellant.**

**No. 51674.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Sept. 8, 1987.

Motion for Rehearing and/or Transfer
Denied Oct. 6, 1987.

Application for Transfer Denied
Nov. 17, 1987.

Gary T. Soule, Clayton, for defendant-appellant.

William L. Webster, Atty. Gen., Jatha B. Sadowski, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

SMITH, Presiding Judge.

Defendant was convicted by a jury of sodomy and first degree sexual abuse and sentenced to the jury recommendation of fifteen years and five years respectively, the sentences to run consecutively. He appeals and we affirm.

The victim was defendant's three year old daughter. The activities upon which the convictions were based occurred while the daughter was in defendant's temporary custody pursuant to a dissolution decree. The indictment charged that these activities occurred between March and May of 1985. There was no dispute that defendant fully exercised his frequent temporary custody rights throughout this time period. The specific acts in evidence included anal and oral intercourse with the daughter and vaginal touching. The oral intercourse occurred "a lot of times."

Medical evidence was adduced that an examination of the child's rectum on May 3, 1985, two days after the child had visited defendant revealed redness and dilation. The doctor opined that the redness indicated abuse within the prior 96 hours, and the dilation was consistent with chronic abuse. The mother testified to changes in the child's behavior consisting of bed-wetting and sexually aggressive behavior toward her six year old brother. The doctor testified that both were indicators of sexual abuse. The brother testified that he had seen his father hurt his sister and touch her private parts. The victim testified that her father "put his tail in my mouth," "touched me on the bottom" and put his "tail" in her "bottom."

Pursuant to Sec. 492.304 RSMo 1986, a videotape interview of the victim was played for the jury. The interview was conducted by a pediatric nurse with only

the child present. During the interview the child utilized anatomically correct dolls to demonstrate her father's activities toward her. During the interview she indicated insertion of her father's penis (referred to by the child as his "tail") into her mouth, and manual touching of her vagina.

Defendant denied any of the activities; testified that he had observed vaginal redness of the child in November, 1984, but did nothing about it; presented evidence that on May 1 he had been with his father all the time that he had custody of the children. Defendant also sought to establish, at least by inference, that other men, most notably his ex-wife's current companion, had access and opportunity to abuse the daughter.

■ Defendant has raised twelve points on appeal. Three of those attack the admission into evidence of the videotaped interview. The first of those points challenges the constitutionality of Sec. 492.304, a point which if properly preserved and presented would terminate our jurisdiction. Art. V, Sec. 3, Mo. Const. The matter has not been properly preserved. To preserve a constitutional question for review four actions must occur. First, the matter must be raised at the first opportunity; second, the sections of the Constitution claimed to be violated must be specified; third, the point must be preserved in the motion for new trial; and fourth it must be adequately covered in the briefs. *Magenheim v. Board of Education of School District of Riverview Gardens*, 340 S.W.2d 619 (Mo. 1960) [2]; *State v. Flynn*, 519 S.W.2d 10 (Mo.1975) [3]. Only the fourth action has occurred here. Defendant filed a written motion in limine and made an oral motion in limine to suppress the tape. He also objected at the time the tape was offered. The only constitutional basis now offered even remotely referred to in those three motions was that "the rights of personal confrontation and cross-examination of this witness by the defendant were not fully protected in the taking of this video taped statement." That is not a constitutional challenge to the statute; it is a challenge to the making of the tape itself. The objec-

tion does not specify the constitutional provisions relied upon. The words "constitution" or "constitutional rights" does not even appear in the motions or objection. Additionally there is no reference to the issue at all in the motion for new trial. The constitutional claim has not been preserved for review.

■ As his second attack on the tape defendant contends that use at trial constituted an improper retrospective application of the statute. Art. I, Sec. 13, Mo. Const. This contention also was not raised in the motion for new trial, and was therefore not preserved. The statute became effective before defendant's trial but after the time of the crimes charged in the indictment. It does not appear that there was any retrospective application of the statute. At the time of trial it was in effect and authorized the admission of videotapes such as this into evidence. Even assuming that this was in some fashion a retrospective application of the statute we still find no error. Statutes affecting competency or discoverability of evidence are procedural. As such they are to be applied to pending cases. *State ex rel. Faith Hospital v. Enright*, 706 S.W.2d 852 (Mo. banc 1986) [1, 2]. The statute creates an exception to the hearsay rule and is procedural in nature. There was no error in admitting the tape.

■ The third attack on the tape is that it did not comply with the statute. Specifically it is claimed it violated that portion of the statute which allows introduction if "(4) the statement was not made in response to questioning calculated to lead the child to make a particular statement or to act in a particular way; ..." This precludes leading questions which essentially put words in the child's mouth. We have viewed the tape in entirety and do not find it violates the statute. It may be conceded that the interviewer directed the child, a three year old with a relatively short attention span, to the areas of inquiry. But the child herself denominated the dolls used as representing herself, her brother and her father. She was asked what she and her father did. She demonstrated with the dolls what occurred. At no point in the tape did the

interviewer suggest any conduct or phrase the question so as to suggest an answer. After identifying the conduct of her father the child was asked "Does daddy do that one time or lots of times?" The child responded "Lots of times." She was then asked "Does anybody else do that to you?" Answer "No." Q. "Anybody?" A. "Just Daddy." These are not leading questions as they do not suggest an answer. The tape was properly admitted.

■ Defendant next contends that his cross-examination of the child's mother, and his direct examination of two of his witnesses was improperly curtailed. The testimony involved the relationship between the child's mother and her new companion, the deterioration of the companion's marriage and of defendant's and ex-wife's marriage, and certain disputes between defendant and his ex-wife concerning the children. The hostility between defendant and his ex-wife was fully developed, as was the relationship between the ex-wife and her new friend. The specific questions to which objections were sustained were at best tenuous to claims of bias of the wife and were totally irrelevant to the charges on which defendant was being tried. We find no abuse of the trial court's discretion to control the questioning of witnesses. State v. Russell, 625 S.W.2d 138 (Mo. banc 1981) [5, 6].

■ Defendant also contends the bill of particulars furnished by the state was inadequate. We do not find it to be so. The particulars specified the nature of the sexual actions and where it occurred. A specific date other than between March 1985 and May 1985 was not provided. Time is not of the essence of the offense of sodomy or of sexual abuse. State v. Ellis, 710 S.W.2d 378 (Mo.App.1986) [3–5]; State v. Allen, 622 S.W.2d 275 (Mo.App.1981) [1]. The victim was admittedly in the custody of defendant frequently throughout the charged period and spent every other weekend in the residence occupied solely by him. Alibi or non-access was not a viable defense so the line of cases represented by State v. Armstead, 283 S.W.2d 577 (Mo. 1955) [5] do not apply and the precise time

was neither essential nor decisive. We find no error.

■ Defendant next complains of the failure of the trial court to order a psychological or psychiatric examination of the victim. There is no authority for such an order in this state. State v. Clark, 711 S.W.2d 885 (Mo.App.1986) [4].

■ Defendant next contends the trial court erred in allowing the testimony of the victim's brother. The questioning of the brother established the four elements of the test of competency required in this state. State v. Sigh, 579 S.W.2d 657 (Mo. App.1979) [1–3]. Defendant points to certain discrepancies between the witness' testimony at trial and in his deposition. One of those discrepancies had to do with defendant's treatment of the witness and was collateral to the issue of abuse of the victim. The remaining inconsistencies dealt with the lack of knowledge of the meaning of the words "private parts" at the time of deposition and his knowledge of that phrase at the time of trial. We find no inconsistency. It is quite reasonable to believe that after the deposition the boy learned the meaning of the phrase. At the deposition he did describe a touching to that part of his sister's body encompassed by the phrase.

■ Defendant complains of the failure of the trial court to give a circumstantial evidence instruction. The testimony of the two children was direct evidence and no circumstantial evidence instruction was therefore required. MAI–CR2d 3.42 Notes on Use; State v. Lasley, 583 S.W.2d 511 (Mo. banc 1979) [1–5].

■ Defendant next contends the court erred in refusing to compel deposition testimony of Division of Family Service workers regarding "hot-line" calls concerning possible child abuse of the victim by someone other than defendant. Sec. 210.150, RSMo 1986, clothes such communications with confidentiality thereby making them privileged communications. There was no error.

■ Defendant's next two points deal with the admission into evidence of enlarged photographs of the victim and with final argument by the prosecutor. We find no abuse of the trial court's discretion in either instance.

■ Finally, defendant contends that the punishment, the maximum possible, was excessive and should have been reduced. We are unable to conclude that the sentence is shocking to the moral sense of the court and is disproportionate to the circumstances of the crime. *State v. Peeler*, 604 S.W.2d 662 (Mo.App.1980) [1, 2]. Defendant's prior good record and active church and community involvement do not outweigh the thoroughly reprehensible conduct which we previously set out and need not repeat.

Judgment affirmed.

DOWD and REINHARD, JJ., concur.