**STATE of Missouri,**
**Plaintiff–Respondent,**

v.

**Jimmy Lynn TANSIL,**
**Defendant–Appellant.**

No. 52927.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 19, 1988.

Irene Jeanette Smith, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Karen A. King, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

SMITH, Judge.

Defendant appeals from his conviction by a jury of three counts of sodomy and five counts of first degree sexual assault and a total sentence of 16 years imprisonment.

Defendant was a remedial reading teacher at Meramec Elementary School. Six girls, ranging in age from seven to nine, reported sexual acts by defendant during reading class. Each complained that defendant placed his hand inside her clothing and placed his finger in her vagina. Defendant was charged with six acts of sodomy and two of sexual abuse. Videotape interviews of the victims conducted by a nurse at the hospital were introduced into evidence and each of the victims testified to defendant's conduct. Evidence of physical examinations of four of the victims indicated that three had abnormalities in the vaginal area consistent with penetration of the vagina by a finger. The fourth examination revealed a normal vaginal area but the physician testified that such results did not rule out the possibility of sexual abuse. No point is raised on appeal concerning the sufficiency of the evidence to support the conviction.

Defendant makes three challenges to the videotapes. The first posits a consti-

tutional challenge to Sec. 492.304 RSMo (1986) authorizing admission of such tapes. Such a challenge, if substantial and not colorable, would divest us of jurisdiction. Art. V, Sec. 3, Mo. Const., *Magenheim v. Board of Education,* 340 S.W.2d 619 (Mo. banc 1960) [1]. Defendant's challenge to the statute rests upon his denial of a right to confrontation of the witness. In view of *State v. Wright,* 751 S.W.2d 48 (Mo. banc 1988), we find this challenge only colorable and not substantial. That case involved Sec. 491.075, RSMo 1986. The statute there and Sec. 492.304 are quite similar in both purpose and content. The rejection by the Supreme Court in *Wright* of a confrontation challenge to Sec. 491.075, and the reasons given for that rejection are equally applicable to Sec. 492.304. We find no basis for defendant's constitutional challenge to the statute.

Next defendant challenges the admission of the tapes on the basis that adequate foundation under the statute had not been laid. We have reviewed the record and find the foundation adequate.

■ Defendant also premises error on the action of the trial court in allowing each tape to be played twice for the jury. Normally highlighting of evidence by its repetition is not permitted. *State v. Engelman,* 634 S.W.2d 466 (Mo.1982) [17]. But the matter rests within the sound discretion of the trial court. Here the tapes contained both visual and aural material. The sound was not clear and it was necessary for jurors to consult transcripts to assist in listening to the tapes. In order for the jurors to properly view the visual part and also consult the transcripts it was necessary that the tapes be played twice. The trial court viewed the tapes and satisfied itself that such double viewing was necessary to properly understand the evidence presented by the tapes. We find no abuse of discretion.[1]

■ Defendant challenges the admission of the medical records and evidence on the basis that the examinations were too remote in time (13 to 81 days after the alleged incidents) to be relevant. The contention is without merit. The evidence was relevant to establish that three of the children had sustained sexual abuse. It did not purport to identify the time, place or perpetrator of such abuse but merely that it had occurred. The evidence was corroborative of the testimony of the girls that they had been abused and the nature of the abuse.

■ Defendant's next contention is that the trial court erred as to one sodomy count in failing to submit the lesser included offense of sexual assault. The answer to this contention is fully discussed in *State v. Fields,* 739 S.W.2d 700 (Mo. banc 1987) [1]. Under the facts of this case the elements of both crimes are exactly the same, the main operative fact being the touching of the victim's genitals by the hand of defendant. Under those circumstances the crimes are the same and the prosecution has the choice of which crime to prosecute and no instruction down is required. *State v. Moseley,* 735 S.W.2d 46 (Mo.App.1987) [6, 7].

■ Finally, defendant challenges the prosecution's use of its peremptory challenges under *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). We have reviewed the voir dire and the prosecutor's explanations for the strikes made under the guidelines of *Batson* and *State v. Antwine,* 743 S.W.2d 51 (Mo. banc 1987). We find that the explanations given were legitimate, race neutral, specific reasons related to the case. We find no error in the action of the trial court in refusing to quash the jury panel.

Judgment affirmed.

KAROHL, P.J., and KELLY, J., concur.

---

1. Defendant has raised no issue on appeal arising from playing the tapes and having the children testify. *See State v. Seever,* 733 S.W.2d 438 (Mo. banc 1987).