STATE of Missouri,
Plaintiff/Respondent,

v.

Lisslie W. FRACTION,
Defendant/Appellant.

Lisslie W. FRACTION,
Plaintiff/Appellant,

v.

. STATE of Missouri,
Defendant/Respondent.

Nos. 54921, 56195.

Missouri Court of Appeals,
Eastern District,
Division Four.

Dec. 5, 1989.

Motion for Rehearing and/or
Transfer to Supreme Court Denied
Jan. 3, 1990.

Application to Transfer Denied
Feb. 13, 1990.

Charles M. Shaw, James J. Knappenberger, Stormy B. White, Barbara Greenberg, Asst. Public Defenders, Clayton, for defendant-appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

CARL R. GAERTNER, Judge.

Defendant was found guilty by a jury of two counts of sodomy, § 566.060 RSMo. 1986, and sentenced to concurrent terms of five and seven years. His Rule 29.15 motion was dismissed without evidentiary hearing. He appeals both judgments. We affirm.

Since defendant makes no challenge to the sufficiency of the evidence, we need only briefly set forth those facts supportive of the verdict. Defendant and his wife have two adopted children. In March of 1987, the Moline Acres Police Department received a report of child abuse through the state hotline system. The report was instigated by the eleven-year old nephew of defendant's wife, who lived with defendant's family for several years before returning to Maryland to live with his mother. In response to that report, Suzanne McCune, a social worker for the Missouri Division of Family Services, along with an officer of the Moline Acres Police Department, went to a nearby elementary school to interview the defendant's two adopted children.

McCune testified that she told the children—a girl age seven, and a boy age six—that their cousin had been hurt while he lived with their family. Through the use of anatomically correct dolls, the boy, named L.F., demonstrated that he saw defendant place his penis into his cousin's mouth and anus. He also demonstrated that defendant had done the same to him. Several days later, after a reported recantation, L.F. retold Suzanne McCune and Barbara Voyles, both social workers from the Missouri Division of Family Resources, that defendant had performed oral and anal intercourse on him, and that this occurred in their home prior to "Valentine's Day," February 14, 1987. McCune further testified that she had never experienced a child of that age indicating that he had been sexually abused when indeed he had not.

Both children told several health and social service professionals of sexual abuse by the defendant. Their testimony is summarized below:

Barbara Voyles, a social worker from the Missouri Division of Family Services, was present during the interview of the children by McCune and corroborated McCune's testimony.

Dr. Emel Sumer, a child psychiatrist at DePaul Hospital, observed while treating L.F. that his overcuriosity and preoccupation with sexuality, in combination with his nightmares and stories of his

cousin's abuse, are all symptomatic of sexual abuse.

Randy Romanchek, a therapist with Family Resource Center, counselled the children on protective techniques to prevent sexual abuse. Romanchek testified that after she told the children to tell an adult if abused, L.F. said that they had told their mother, and yet, the abuse continued. Soon afterwards, their mother terminated therapy.

Tish La Rock, a pediatric nurse at Cardinal Glennon Children's Hospital, counselled the children at the hospital's Sexual Abuse Management Unit. There, La Rock recorded a videotape, later shown to the jury, asking the children whether they had been sexually abused. Taped individually, both children indicated that defendant had sexually abused them and that afterwards, their mother had told them to deny to the authorities that any abuse occurred.

Dr. Anthony Scalzo, a pediatrician at Cardinal Glennon Children's Hospital, examined the defendant's daughter, P.F. During her physical, Dr. Scalzo noted a .7 millimeter scar in her genital area that was highly correlative with sexual abuse. Dr. Scalzo testified to his findings and concluded that the scar resulted from sexual abuse occurring after P.F.'s adoption by the defendant.

At trial, both children denied any sexual improprieties by defendant.

Defendant was charged with and convicted on two counts of sodomy, § 566.060 RSMo.1986, with L.F. A third count of sodomy, with the eleven-year old nephew of defendant's wife, was dismissed at the close of evidence when he failed to appear and testify at trial.

I

■ Defendant's assertion of constitutional challenges to § 491.075 RSMo.1986 and § 492.304 RSMo.1986, do not divest this court of jurisdiction because contentions identical to those asserted by defen-

dant have previously been ruled upon and rejected. In *State v. Wright,* 751 S.W.2d 48, 52 (Mo. banc 1988) the Missouri Supreme Court upheld § 491.075 against a contention that the statute violated the accused's right to confront the witnesses against him. The reasoning of *Wright* was found equally applicable to a contention that § 492.304 violated the confrontation clause in *State v. Tansil,* 754 S.W.2d 18, 20 (Mo.App.1988). Defendant's additional contention that § 492.304 is unconstitutionally vague and overbroad in that it authorizes the admission of a child's statement "relating to" any sexual offense is also misdirected. In upholding the "rape shield" statute, § 491.015 RSMo.1986, against an identical contention the Missouri Supreme Court stated: "The doctrine of vagueness in criminal law is directed at statutes which specify the criminal conduct on which charges are based, and holds that a criminal statute must be sufficiently definite and clear so that the potential violators know what standards of behavior they must adhere to." *State v. Madsen,* 772 S.W.2d 656, 659 (Mo. banc 1989). Therefore, a constitutional challenge to a statute relating to the admission of evidence "on the basis of indefiniteness and overbreadth is without legal foundation." *Id.*[1]

II

Defendant alleges trial court error in the admission of the testimony of the various witnesses concerning extra judicial statements of the children. In particular, defendant complains of the failure of the trial court to make a finding of reliability after a hearing as required by § 491.075.1(1) and of the prosecutor's failure to give notice of intent to offer the statements sufficiently in advance of the proceedings to provide him with an opportunity to meet the statements, as required by § 491.075.3.

■ As to the requirement of notice, the State has met its burden. Six months before trial, the State filed a "Notice to Offer Statements of Children Under RSMo. 491.-

---

1. We also note that defendant's contention of unconstitutional vagueness was not raised at trial or in defendant's Motion for a New Trial. Thus, this contention has not been preserved for appellate review. *State v. Moesch,* 738 S.W.2d 585, 587 (Mo.App.1987).

075." The two page notice set forth the prosecutor's intention to offer the children's statements and the particulars of those statements. Furthermore, the defendant was informed of the children's statements to the State's witnesses through police reports, medical reports, and the Missouri Department of Family Services' reports—all made available to the defense prior to trial. The record shows that the witnesses in question were endorsed by the State in advance of trial; there was no element of surprise or concealment. Additionally, four months before trial, Suzanne McCune's testimony was held to be admissible in a pretrial hearing. It is clear from the record before us that the defendant received notice of the children's statements sufficiently in advance of trial to have a fair opportunity to prepare to meet the statements.  ·

■ Second, defendant claims that the trial court erred in failing to hold a proper hearing to determine whether the statements had a sufficient indicia of reliability. The purpose of a hearing, under § 491.075.1, is to determine outside the presence of the jury whether the time, content, and circumstances of the statements provide a sufficient indicia of reliability. Here, five of the six witnesses defendant objects to, received a hearing outside the presence of the jury at, or before, trial. " '[I]ndicia of reliability' must be considered in the context of the particular case and the factors prescribed by statute." *State v. Wright,* 751 S.W.2d 48, 52 (Mo. banc 1988). In this case, the State's six witnesses are health or social service professionals from four unrelated institutions all testifying to similar statements of sexual abuse of the children entrusted in defendant's care. The trial court conducted a careful and thorough hearing for the purpose of determining indicia of reliability and then allowed the witnesses to testify before the jury. Although an expression on the record of the court's finding of reliability would have been preferable, such a finding is implicit in the overruling of defendant's objection and in permitting the witnesses to testify before the jury.

■ The only witness not receiving a hearing pursuant to § 491.075 and permitted to testify was Tish La Rock. Defendant failed to object to La Rock's testimony as violating the procedural safeguards set forth in § 491.075. To preserve error for appeal, objections to evidence must be timely. *State v. Brown,* 749 S.W.2d 448, 451 (Mo.App.1988). Moreover, Ms. La Rock testified after the children had denied any abuse by defendant, denied that their mother had told them to lie about it and said Ms. La Rock had told them what to say. Ms. La Rock's testimony was a direct refutation of the children's testimony. Her testimony related primarily to the identification of her videotaped interviews of the children in which they described with the use of dolls what their father had done and in which they admitted their mother had told them to lie about it. This testimony was admissible pursuant to § 491.074 RSMo. 1986 which provides:

> Notwithstanding any other provisions of law to the contrary, a prior inconsistent statement of any witness testifying in the trial of an offense under chapter 565, 566 or 568, RSMo, shall be received as substantive evidence, and the party offering the prior inconsistent statement may argue the truth of such statement.

Point denied.

### III  ·

■ In his fifth point for review, defendant claims that the trial court erred in overruling his motion in limine to strike selected sections of the children's videotaped interview pursuant to § 492.304.1(4). The statute provides that a videotaped statement is admissible if "the statement was not made in response to questioning calculated to lead the child to make a particular statement or to act in a particular way." § 492.304.1(4) RSMo.1986. Essentially, the statute precludes leading questions that put words into the child's mouth. *State v. Moesch,* 738 S.W.2d 585, 587 (Mo. App.1987). The interviewer may direct the child to areas of inquiry, but may not suggest any conduct or phrase a question so as to suggest an answer. *Id.* at 587–588.

We have viewed the tapes in their entirety and found that they do not violate § 492.304.1(4). It is understandable that victims of sexual abuse will reveal their stories with reluctance and hesitation. An interviewer must exercise care and concern for the child's well-being, while posing difficult questions. Here, the questions directed the children to the relevant areas of inquiry and allowed them to respond. The children were free to manipulate the dolls without suggestion or implication from the interviewer. The statute does not preclude the interviewer from restating a question when the child initially responds "My mom told me it didn't happen" or "I will get into trouble." The questions asked of these children were not leading or suggestive. Their actions, particularly in undressing and positioning of the dolls, were entirely spontaneous. The trial court did not err in admitting the tapes in their entirety.

■ Defendant's sixth point alleges, in part, trial court error in overruling defendant's motion in limine to require the children to testify prior to the admission of hearsay testimony pursuant to § 491.075 RSMo.1986. Defendant's failure to cite any authority for this proposition provides grounds for dismissal without review. Rule 84.04(d); *State v. Jackson*, 663 S.W.2d 312, 316 (Mo.App.1983). Regardless, since defendant's claim was not raised in his motion for a new trial, this court can only review for plain error. *State v. Muthofer*, 731 S.W.2d 504, 509 (Mo.App.1987). Section 491.075 has no provision requiring the hearing of the children's testimony prior to the admission of their statement. Defendant suggests the failure to have the children testify first amounts to a failure to lay a foundation for impeachment by prior inconsistent statements. Impeachment is not the criterion for the admission of testimony relating to statements made by children concerning sexual abuse under § 491.075. Defendant's argument falls far short of demonstrating any prejudice whatsoever, much less manifest injustice, from the order of presenting evidence.

■ Second, defendant claims the trial court erred in failing to exclude evidence relating to uncharged sexual misconduct by defendant with his daughter and nephew. The State submits that the evidence of sexual activity with his daughter and nephew was admissible to show defendant's common scheme or plan.

Evidence of other crimes is competent to prove the crime charged when such evidence tends to establish motive, intent, absence of mistake or accident, a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other, or identity of the person charged with the commission of the crime. *State v. V___ C___*, 734 S.W.2d 837, 842 (Mo.App. 1987). Evidence of other crimes should be admitted under one of these exceptions only when the prejudicial effect of the evidence is outweighed by its probative value. *State v. Mallett*, 732 S.W.2d 527, 534 (Mo. banc 1987). This balancing of prejudicial effect and probative value lies within the sound discretion of the trial court. *Id.*

The test for admissibility of such evidence is whether it reasonably tends to establish a material fact in issue in the case being tried. *State v. Smith*, 694 S.W.2d 901, 902 (Mo.App.1985). In the present case, the uncharged acts of sexual misconduct with defendant's daughter and nephew were admissible to show the common scheme or plan of defendant to molest children in his care. Defendant abused the children, often while they were all in the same room. He only approached the children while their mother was away from the home. The sexual misconduct performed was substantially similar on each child. The evidence offered of the daughter's and nephew's abuse had a legitimate tendency to establish defendant's connection with the charged offense and established a common scheme or plan to molest the children in his care. The trial court did not abuse its discretion in admitting such evidence.

IV

We assume defendant's contention of error in failing to grant his motion for judgment of acquittal on Counts II and III is typographical error in as much as the court

did dismiss Count III. Nevertheless, his argument is predicated upon his contention that the evidence of the children's extra judicial statements should have been excluded, an argument we have already rejected. The evidence provides ample support for the submission of Counts I and II to the jury.

## V

■ Defendant next alleges trial court error in quashing a subpoena directed to the assistant prosecuting attorney after the latter "failed to disclose Brady material" [*Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963)]. Overlooking the inadequacy of defendant's Point Relied On under Rule 30.06(d), we look to defendant's argument to decipher this claim. It appears defendant's contention is based upon an alleged failure of the assistant prosecuting attorney to advise defense counsel of the children's recantation of their earlier accusatory statements. Apparently defendant's attorney decided to depose the prosecutor regarding this matter and caused a subpoena to be served upon him. The record reflects a motion to quash this subpoena was filed. More than two months before the trial, a hearing was held and the motion to quash was sustained. We have not been furnished with any record of this hearing. Defendant's attorney renewed his motion to compel the deposition of the prosecutor at the beginning of the trial. The record discloses the following discussion:

> MR. MEINERS: The witnesses have recanted and there are other witnesses that will testify to that. Our position on that is that they recanted after they moved in with relatives of the defendant now currently living with his wife. I was very up front with the defense attorney as soon as I found out about the recantation. I told Kim [defendant's attorney] about this. This was a pretrial conference I had with my witnesses. The Court already ruled on this, I reiterate obviously I think the Court made the only correct ruling.
>
> THE COURT: The ruling will not change, I'll continue to rule the way I

have. Obviously you're aware of their recantation, you're aware of other witnesses to the recantation, you can impeach the witnesses when they take the stand as to the recantation, as to who they told this second version, you can develop it and corroborate it with other people other than the prosecutor so that I can't see how you're prejudiced by the Court's ruling. The ruling will stand.

The record provided to us fails to demonstrate any failure upon the part of the prosecutor to disclose exculpatory evidence to defendant. Defendant's attorney was obviously aware of the children's recantation more than two months prior to the trial and the evidence regarding the children's change of position was fully disclosed to the jury. We are unable to discern any prejudice to defendant as a result of the court's ruling. Point denied.

## VI

■ We turn finally to defendant's appeal from the dismissal of his Rule 29.15 motion without evidentiary hearing.

Appellate review of a Rule 29.15 motion is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Rule 29.15(j). The findings, conclusion, and judgment of the motion court are clearly erroneous if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Moton v. State*, 772 S.W.2d 689, 691 (Mo. App.1989). Defendant is entitled to an evidentiary hearing only if: (1) his Rule 29.15 motion alleges facts, not conclusions, warranting relief; (2) those facts raise matters unrefuted by the record; and (3) the matters complained of resulted in prejudice to defendant. *Boyd v. State*, 759 S.W.2d 849, 850–851 (Mo.App.1988). No evidentiary hearing is necessary if the files and record of the case conclusively show that defendant is not entitled to relief. Rule 29.15(g).

To establish ineffective assistance of counsel, defendant must demonstrate that: (1) counsel's performance was unreasonable under prevailing professional norms,

and (2) defendant was thereby prejudiced. *Hamm v. State,* 768 S.W.2d 574, 576 (Mo. App.1989). Additionally, defendant must overcome the presumption afforded defense counsel that, under the circumstances, the challenged action might be sound trial strategy. *Id.* at 577; *Strickland v. Washington,* 466 U.S. 668, 688–689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984).

Defendant first claims ineffective assistance of counsel for failure of counsel to interview and call several witnesses who would have allegedly rebutted the State's evidence and testified to defendant's character. As a general rule, the decision to call witnesses is a matter of trial strategy and will not support a finding of ineffective assistance of counsel. *Black v. State,* 723 S.W.2d 474, 475 (Mo.App.1986). To support a charge of ineffective assistance of counsel for failure to secure testimony of a defense witness, the defendant must show how the testimony of an alleged key witness would have helped him and what that testimony would have been. *Camillo v. State,* 757 S.W.2d 234, 238 (Mo.App.1988).

Defendant's motion allegations consist of naming friends and relatives who would testify that he was a loving father, that his children were mistreated and abused at school and in foster homes, that the Division of Family Services was guilty of unethical conduct and "would do anything to win their case." The trial court found that these allegations are conclusory and fail to state facts to which the unproduced witnesses would have testified. A review of the original and the amended motion fails to show that this finding is clearly erroneous nor do we have any definite or firm impression that a mistake has been made. Rule 29.15(j); *Jones v. State,* 771 S.W.2d 349, 351 (Mo.App.1989). Point denied.

The judgment is in all respects affirmed.

HAMILTON, P.J., and STEPHAN, J., concur.