STATE of Missouri, Respondent,

v.

Mark L. TRINGL, Appellant.

No. 61283.

Missouri Court of Appeals,
Eastern District,
Division Four.

Jan. 12, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 10, 1993.

Application to Transfer Denied
March 23, 1993.

---

Joseph H. Hadican, Michael A. Gross, St. Louis, for appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler,. Asst. Atty. Gen., Jefferson City, for respondent.

CARL R. GAERTNER, Presiding Judge.

Defendant appeals from his convictions in St. Louis County Circuit Court for rape and sodomy. He was sentenced as a persistent offender to consecutive terms of twenty and eight years. We affirm.

The sufficiency of the evidence is not in dispute. On February 11, 1989 G.T., a ten year-old female, attended her mother's wedding and reception. As G.T. walked towards the restrooms at the reception hall defendant grabbed her and pushed her into the men's room. He knocked her to the floor, pulled her jeans down, then sodomized and raped her. G.T. recognized the attacker as the man who caught the garter at the reception. She. ran out of the restroom after kicking defendant. She immediately told her mother what occurred, but G.T.'s mother did not believe her.

G.T. told no one else until October 6, 1989 when she told her step-mother, P.T., and then her father. Two St. Louis County detectives interviewed her that same evening and she told them about being forced into the men's room and the subsequent rape and sodomy. She also told the detectives and her parents that the attacker was the man who caught the garter. On October 19, 1989 she identified defendant from a photo array. She identified him again at a live line-up on November 28, 1989. G.T. also underwent a physical examination on October 19, 1989, the results of which were consistent with her claim of sexual assault.

Defendant's first point on appeal is that the trial court erred when it allowed certain witnesses to testify about statements G.T. made. Defendant claims the trial court failed to make the specific findings of reliability required by Section 491.-075.1 RSMo. (1991). That section reads as follows:

Statement of child under twelve admissible, when

A. statement made by a child under the age of twelve relating to an offense under chapter 565, 566, or 568, RSMo., performed with or on a child by another, not otherwise admissible by statute or court rule, is admissible in evidence in criminal proceedings in the courts of this state as substantive evidence to prove the truth of the matter asserted if:

(1) The court finds, in a hearing conducted outside the presence of the jury that the time, content and circumstances of the statement provide sufficient indicia of reliability; and

(2) The child either:

(a) Testifies at the proceedings; or

(b) Is unavailable as a witness.

Defendant claims that P.T., Detectives David Maganza and Randall Combs, and Dr. Allison Nash should not have been allowed to testify as to G.T.'s statements. The trial court conducted an extensive hearing, and overruled defendant's objection to the testimony and then allowed all four witnesses to testify before the jury. A specific expression stating the court's finding of reliability would be preferred. However, such a finding is implicit when defendant's objection is overruled and the witnesses are permitted to testify before the jury. *State v. Fraction*, 782 S.W.2d 764, 767 (Mo.App.1989). Point denied.

Defendant's second point on appeal is that the court's application of Section 491.-075.1 denied his rights to confrontation of witnesses, effective assistance of counsel and due process of law. He specifically claims that allowing P.T. and Detectives Maganza and Combs to testify denied him of the opportunity for a full, effective cross-examination. He also claims that allowing this testimony improperly bolstered G.T.'s credibility and that the statements themselves were substantially influenced by suggestive questioning.

■ The constitutionality of Section 491.-075 has been addressed and upheld in *State v. Wright*, 751 S.W.2d 48 (Mo. banc 1988).

The *Wright* court stated that the statute does not prevent the defense from introducing evidence nor does it deprive him of the opportunity to defend against the charges. *Id.* at 53. Here, defendant was actually able to strengthen his case during cross-examination of the detectives by pointing out the perceived suggestive nature of the police interview with G.T. The victim also testified and defendant had the opportunity to cross-examine and confront her. Defendant was not denied the opportunity to present a full defense. *See, State v. Williams*, 729 S.W.2d 197, 201 (Mo. banc 1987); *State v. Blue*, 811 S.W.2d 405, 408 (Mo.App.1991); *State v. Carey*, 808 S.W.2d 861 (Mo.App.1991).

■ Defendant also argues that the statements were duplicative and improperly bolstered victim's credibility. All four witnesses who testified about G.T.'s out of court statements described the circumstances surrounding the statements when made by G.T. Additionally, P.T. testified about G.T.'s attitude and emotions at the time. The two detectives testified as to where their interview occurred and who was present. Lastly, Dr. Nash testified about G.T.'s physical examination and the surrounding circumstances. The testimony of all four witnesses was not completely duplicative of and had probative value beyond G.T.'s statements. *State v. Culkin*, 791 S.W.2d 803, 809, 810 (Mo.App.1990). *See, State v. Blue*, 811 S.W.2d at 408; *State v. Carey*, 808 S.W.2d at 867.

■ Defendant finally argues that G.T. was influenced by improperly suggestive questioning. We disagree. G.T.'s statements to her family, the detectives and Dr. Nash were consistent[1] and the circumstances surrounding the interviews show no signs of suggestiveness. The only question the detectives asked which was remotely suggestive was whether or not G.T. knew the proper names for the male and female sex organs. Defendant's second point is denied.

Defendant's third point on appeal is that even if the trial court complied with Section 491.075.1 it abused its discretion by finding

1. G.T. consistently stated that her attacker was the man who caught the garter, that she was thrown against the sink and that he first sodomized her and then raped her.

that the statements were reliable. Defendant claims the statements were unreliable because they were made eight months after the alleged rape, and because G.T. was influenced by intensive and suggestive questioning and G.T. had a motive to lie.

The trial court is vested with discretion to determine whether the time, content and circumstances of the child's statement provide a sufficient indicia of reliability. The standard of review on appeal is whether or not the trial court's findings are supported by sufficient evidence. *State v. Boyer*, 803 S.W.2d 132, 137 (Mo.App.1991). The trial judge conducted a careful hearing outside the presence of the jury. G.T.'s reliability is supported by her consistent statement concerning where, when, and how the rape and sodomy occurred. Her statement to P.T. was spontaneous and completely uninvited by P.T. Her reliability is further supported by her reasons for not coming forward sooner (her natural mother did not believe her at the reception) and her reasons for eventually coming forward (her friend's sister did not report a similar incident and the attacker was not punished).

Defendant's claim that eight months should equate to unreliability is without merit. Time is only one factor for the court to consider when determining reliability. In *State v. Kiel*, 794 S.W.2d 289, 293 (Mo.App.1990), the court ruled that, under the circumstances, statements made one year after the event were not an abuse of discretion by the trial court. Defendant's argument about G.T.'s motive to lie was merely one factor for the trial court to consider, and does not refute our conclusion that the trial court's finding of reliability is supported by substantial evidence. The "suggestive" argument was discussed and denied in the previous point. Defendant's third point is denied.

Defendant's fourth point on appeal is that the trial court erred when it denied his motion to suppress evidence. Defendant claims that G.T.'s identification of him at a live line-up violated his rights to a fair trial and due process of law because the line-up was overly suggestive. We first consider whether the pre-trial identification was impermissibly suggestive. If it is found to be impermissibly suggestive, our inquiry then turns to the reliability of the in-court identification. *State v. Sanders*, 621 S.W.2d 386, 389 (Mo.App.1981).

Defendant claims he stood out at the line-up like a "lollipop at a jelly bean convention" because he was dressed in an orange jumpsuit that was a lighter shade from the other jumpsuits worn. However, "dissimilarity and physical appearance alone are insufficient to establish impermissible suggestiveness." *State v. Gray*, 741 S.W.2d 35, 37 (Mo.App.1987). Also in *State v. Wilson*, 651 S.W.2d 512, 516 (Mo.App. 1983) the fact that defendant was the only one in the line-up wearing a certain kind of clothing did not render the line-up impermissibly suggestive. Defendant claims that the jumpsuit plus the fact that he was the only person in the line-up from the wedding reception is impermissibly suggestive and made him stand out like a "neon sign flashing 'pick me.'" Defendant's argument would require the police to round-up other males who attended the reception. Even assuming they could locate these males and that they physically resembled defendant, the absurdity of the argument is readily apparent. All that is required is a reasonable effort to find physically similar participants. *State v. Cooper*, 708 S.W.2d 299, 305 (Mo.App.1986). A review of the line-up photographs establishes that the participants are physically similar to defendant. We find no impermissible suggestiveness in the pre-trial line-up identification. Therefore, we need not discuss the issue of reliability. *State v. Morant*, 758 S.W.2d 110, 117 (Mo.App.1988). Defendant's fourth point is denied.

The trial court's judgment is affirmed in whole.

CRANE and SIMON, JJ., concur.