**George PULLEN, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 65648.**

Missouri Court of Appeals,
Eastern District,
Division Four.

March 14, 1995.

Deborah B. Wafer, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Michelle A. Freund, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

George Pullen, movant, appeals after the motion court "denied and dismissed" his Rule 29.15 motion, after an evidentiary hearing. As the only issue on appeal, movant argues the motion court erred in determining that trial counsel was not ineffective in failing to call Bobby Pullen to testify at movant's murder trial. We affirm.

On April 12, 1989, a jury convicted movant of first degree murder. At trial the state argued that movant conspired with three others to kill Ed Adams. The defense argued that movant acted in self-defense. Movant's trial counsel, Karen Kraft, supported this theory of self-defense solely by movant's own taped statement to the police. Kraft decided against calling co-defendant Bobby Pullen to testify.

Movant appealed from the judgment of conviction and additionally filed an unverified, *pro se* Rule 29.15 motion. The Rule 29.15 motion was later amended and dismissed by the motion court as untimely, without an evidentiary hearing. In relevant part, movant alleged a denial of effective assistance of counsel because of Kraft's failure to call Bobby Pullen.

On appeal, this Court affirmed the motion court's dismissal of movant's Rule 29.15 motion but upon suggesting a remand for a *Batson* hearing on both race and gender discrimination, transferred the case to the Missouri Supreme Court. The Missouri Supreme Court retransferred the case to this Court for reconsideration of the *Batson* issue in light of *Powers v. Ohio,* 499 U.S. 400, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991). We subsequently affirmed the conviction, affirmed the dismissal of the Rule 29.15 motion, but remanded to the circuit court for a *Batson* hearing.

Following the *Batson* remand, this Court again affirmed the conviction, but found movant's Rule 29.15 motion improperly dismissed. We concluded that the filing of a

timely verified amended Rule 29.15 motion cured any jurisdictional defect in a timely, but unverified, *pro se* motion. Once more, we transferred the case to the Missouri Supreme Court on the *Batson* issue. The Missouri Supreme Court denied movant's *Batson* claims and affirmed the conviction in addition to remanding the movant's Rule 29.15 motion to the circuit court.

At the evidentiary hearing held June 25, 1993, movant offered as evidence the taped depositions of movant and Bobby Pullen. The State offered the testimony of Kraft. On January 18, 1994, the motion court issued its Finding of Fact, Conclusions of Law order and a judgment denying movant's Rule 29.15 motion. The motion court specifically held:

Movant further alleges he was denied effective assistance of counsel because trial counsel failed to call Bobby Pullen as a witness on the issue of self-defense.... Movant's contention is misplaced for two reasons: first, there were sound reasons for trial counsel, in the exercise of professional judgment, not to call Bobby Pullen; and, second, any testimony Bobby Pullen would have given if called at trial is not such as to undermine confidence in the outcome. In his deposition taken for this motion, Bobby supported movant's version of the events leading to the murder, namely that movant acted in self-defense.... This theory was, in fact, submitted to the jury, who chose not to accept it. The cross-examination of Bobby during his deposition makes abundantly clear that he would have been thoroughly impeached....

It is from this conclusion that movant now appeals.

■ Review of a motion court's decision is limited to a determination of whether the findings, conclusions, and judgment are clearly erroneous. *State v. Stepter*, 794 S.W.2d 649, 656 (Mo. banc 1990). Findings and conclusions are clearly erroneous only if, after a review of the entire record, the appellate court is left with a definite and firm impression that a mistake has been made. *Id.*

To establish ineffective assistance of counsel, movant must show: (1) that counsel's representation failed to conform to the degree of skill, care, and diligence of a reasonably competent attorney under similar circumstances, and (2) movant was thereby prejudiced. *Strickland v. Washington*, 466 U.S. 668, 689–692, 104 S.Ct. 2052, 2065–67, 80 L.Ed.2d 674 (1984). To satisfy the second element, movant must establish a reasonable probability that, but for the alleged errors of counsel, the result of his trial would have been different. *Id.* at 697, 104 S.Ct. at 2070.

■ Movant must refute the presumption that defense counsel's challenged acts or omissions were sound trial strategy. *State v. Fraction*, 782 S.W.2d 764, 770 (Mo.App.1989). As a general rule, the decision to call witnesses is a matter of trial strategy and will not support a finding of ineffective assistance of counsel. *Id.* To support a finding of ineffective counsel due to a failure to call a witness, the defendant must allege facts to support proof that the testimony of an alleged witness would have helped him and what that testimony would have been. *Id.*

■ At the evidentiary hearing, Kraft provided two reasons for her decision not to call Bobby Pullen as a witness. First, he had pled guilty to conspiracy to kill Adams. Kraft believed this fact would lend credibility to the state's theory of conspiracy. Second, he would be impeachable with his guilty plea, as well as with the statements in his police report. Kraft testified that the basis of her decision was upon this assessment of not only what he could add to the defense, but also the degree to which he could damage the defense.

The motion court found these reasons to be a sound exercise of professional judgment. Movant did not offer any proof that Kraft's decision was anything other than sound trial strategy. Kraft examined Bobby Pullen's possible testimony and concluded that the costs far exceeded any benefits. Further, movant testified at the sentencing hearing that he was satisfied with his trial counsel's efforts and he did not disagree with any evidence admitted or omitted by the defense at trial. Finally, after examining Bobby Pullen's taped deposition of what he would have testified to at trial, the motion court saw no

reason why it would undermine confidence in the outcome. We do not have a basis to form a definite or firm impression that the motion court's decision was mistaken. We therefore affirm.

AHRENS, P.J., and SIMON, J., concur.