STATE of Missouri, Respondent,

v.

Adam BRETHOLD, Appellant.

No. ED 83887.

Missouri Court of Appeals,
Eastern District,
Division Five.

Nov. 23, 2004.

Deborah Daniels, Linda Lemke (co-counsel), Jefferson City, MO, for respondent.

Margaret Johnston, Columbia, MO, for appellant.

## OPINION

GLENN A. NORTON, Judge.

Adam Brethold appeals the judgment entered on his conviction for first degree sodomy. We affirm.

## I. BACKGROUND

Brethold was convicted of first degree sodomy for sexually abusing his five-year-old niece ("the victim"). Because the State sought to introduce certain out-of-court statements made by the victim, it requested a hearing under section 491.075 RSMo 2000.[1] At the hearing, the court heard testimony from the victim's mother, stepmother, counselor and the investigating officer and viewed a videotaped interview of the victim. The evidence showed that she had told these witnesses on various occasions that Brethold placed his finger in her vagina one night when he was baby-sitting. The court found that the victim's out-of-court statements were admissible under sections 491.075.1(1) and 491.075.1(2)(a) if she testified at trial.

At trial, the victim testified that Brethold touched her "private" between her legs with his finger one night when he was baby-sitting. She stated that she told her

---

1. All statutory references are to RSMo 2000.

sister about this on a later occasion while the two of them were bathing. During cross-examination, the victim denied having experienced any burning sensation and denied telling her sister about such a sensation while in the bathtub. She claimed to not know why her sister yelled for their mother and could not remember what her sister told their mother. The victim stated that neither of them told their mother about any burning sensation and that she and her mother did not discuss Brethold.

Immediately following the victim's testimony, her sister testified about how the abuse was revealed to their mother. The sister stated that while she and the victim were bathing together, the victim said "that she was burning down there" in "her private spot ... because [Brethold] touched her." The sister immediately informed their mother, who took the victim into the kitchen to talk about it. The victim's mother and step-mother corroborated this. Their testimony indicated that the mother learned of the allegation after the victim told her sister, and that the victim later told each of them separately that Brethold put his finger in her vagina.

The investigating officer testified about her videotaped interview with the victim, in which the victim made statements similar to her testimony on direct examination. This video was viewed by the jury and admitted into evidence. The officer also testified about her interview with Brethold, during which Brethold made a written statement describing how he and the victim had been playing and tickling each other and admitting that his finger had entered her by accident. Another officer also testified that Brethold admitted to putting his finger in the victim.

On appeal, Brethold argues that the court erroneously admitted the sister's testimony about the victim's out-of-court statements because she did not participate in the section 491.075 hearing. He also contends that the trial court plainly erred by failing to properly analyze the reliability of the victim's statements.

## II. DISCUSSION

Section 491.075 "creates a hearsay exception for statements made by sexual abuse victims under the age of twelve." *State v. Silvey*, 894 S.W.2d 662, 672 (Mo. banc 1995). Under certain circumstances, this statute permits the court to admit a child's out-of-court statements:

> A statement made by a child under the age of twelve relating to [sodomy and certain other offenses], performed with or on a child by another, not otherwise admissible by statute or court rule, is admissible in evidence in criminal proceedings in the courts of this state as substantive evidence to prove the truth of the matter asserted if:
>
> (1) The court finds, in a hearing conducted outside the presence of the jury that the time, content and circumstances of the statement provide sufficient indicia of reliability; and
>
> (2)(a) The child testifies at the proceedings

Section 491.075.1; *see also State v. Redman*, 916 S.W.2d 787, 789 (Mo. banc 1996).

### A. Sister's Testimony

■ In his first point, Brethold argues that admitting the sister's testimony regarding the victim's statements violated section 491.075, his right to due process and his right of confrontation because the sister did not testify at the section 491.075 hearing and, as a result, the sister's testimony was not found to possess sufficient indicia of reliability. The State argues that this claim can only be reviewed for plain error since Brethold did not object to the sister's testimony on this basis at trial. Further, the State argues, the sister's tes-

timony was admissible because it contained prior inconsistent statements made by the victim.

We find no error, plain or otherwise. The sister's presence at the section 491.075 hearing was not required before she could testify regarding the victim's out-of-court statements, which were found to be sufficiently reliable based on the testimony of other witnesses at the hearing. Neither party cites any authority specifically requiring her presence, and the statute itself clearly requires that the *out-of-court statement* be found sufficiently reliable after a hearing, not the witness's testimony about that statement: "[a] statement made by a child ... is admissible in evidence ... if ... the time, content and circumstances of *the statement* provide sufficient indicia of reliability ..." Section 491.075.1 (emphasis added).

■■■ Even if it was error to admit the sister's testimony because she did not participate in the section 491.075 hearing, this error was not preserved for review on appeal. "To preserve an objection to evidence for review, the objection must be specific, and the point raised on appeal must be based upon the same theory." *State v. Driver*, 912 S.W.2d 52, 54 (Mo. banc 1995). The error must also be included in a motion for new trial. *State v. Jones*, 128 S.W.3d 110, 113 (Mo.App. E.D. 2003). Furthermore, any objection to evidence must "be sufficiently clear and definite so that the court will understand the reason for the objection." *State v. Schuster*, 92 S.W.3d 816, 821 (Mo.App. S.D. 2003). Error is not preserved where the basis for the specific objection is "not readily apparent." *Id.*

Before the sister's testimony at trial, Brethold sought and was granted "a standing objection to any hearsay statements based on the same arguments we made to the 491 hearing." But Brethold never articulated—at trial or at the 491.075 hearing—any objection specifically relating to the fact that the sister did not appear at the hearing. His motion for new trial was specifically directed toward the testimony of the investigating officer and the admission of her videotaped interview of the victim, alleging that the victim's hearsay statements had not been demonstrated at the section 491.075 hearing to contain sufficient indicia of reliability and that admitting these statements at trial "amounted to improper bolstering and cumulative evidence." This motion similarly failed to raise any objections specifically relating to the sister's testimony. At best, these objections alerted the court to Brethold's arguments at the hearing regarding the reliability of the victim's statements. These general objections did not adequately preserve Brethold's arguments regarding the sister's testimony. *See State v. Mattic*, 84 S.W.3d 161, 167–69 (Mo.App. W.D.2002) (objections regarding a lack of sufficient indicia of reliability and other general objections made at the 491.075 hearing did not preserve the arguments that statements constituted improper bolstering or that they improperly referred to acts against another victim).

■■ Since this claim of error has not been preserved, we review only for plain error. Rule 30.20; *State v. Chilton*, 119 S.W.3d 176, 178 (Mo.App. E.D.2003). Brethold must demonstrate not only that the trial court's action was erroneous, but that it impacted his rights so substantially "that manifest injustice or a miscarriage of justice will result if it is left uncorrected." *Chilton*, 119 S.W.3d at 178. Plain error review is to be used sparingly. *State v. Mayes*, 63 S.W.3d 615, 633 (Mo. banc 2001).

■■ We find no manifest injustice or miscarriage of justice under these circum-

stances. First, much of the sister's testimony would have been admissible under section 491.074 as evidence of prior inconsistent statements by the victim. During her cross-examination at trial, the victim denied experiencing a burning sensation, denied telling her sister about it in the bathtub and could not remember why her sister yelled for their mother or what her sister told their mother. Her sister then testified as to the victim's prior statements to the contrary. This Court has found no plain error under similar circumstances in the past. *See State v. Fraction*, 782 S.W.2d 764, 767 (Mo.App. E.D.1989) (finding that failure of one out of several witnesses to appear at a 491.075 hearing was not reversible error when such alleged error was not preserved and much of the testimony was admissible as a prior inconsistent statement under section 491.074), *overruled on other grounds by State v. Bernard*, 849 S.W.2d 10, 15–16 (Mo. banc 1993).

Second, much of what the sister discussed was also established by other evidence, including other parts of the victim's testimony, the videotaped interview and the testimony of their mother, the victim's step-mother and the investigating officer. As discussed below, this other evidence was properly before the court. Since it established essentially the same facts as the sister's testimony, any error that resulted from the admission of her testimony was neither prejudicial nor constituted reversible error. *See State v. Bucklew*, 973 S.W.2d 83, 93 (Mo. banc 1998).

Point I is denied.[2]

### B. Consideration of Reliability Factors

■ In his second point, Brethold argues that the trial court violated section 491.075 and his rights to confrontation and due process by admitting the victim's out-of-court statements without having considered all of the factors relevant to the reliability of these statements. As Brethold concedes, this issue was not preserved at trial and can be reviewed only for plain error. Therefore, he must demonstrate that the trial court's action was erroneous and that manifest injustice or a miscarriage of justice will result if we do not correct it. *Chilton*, 119 S.W.3d at 178. We again find no error—plain or otherwise—in the court's discretionary ruling that the victim's statements were sufficiently reliable. *See Redman*, 916 S.W.2d at 792 (noting abuse of discretion standard for reviewing the trial court's decision to admit out-of-court statements under section 491.075).

■ To determine whether the victim's statements possess sufficient indicia of reliability, courts consider the totality of the circumstances surrounding the statements. *State v. White*, 873 S.W.2d 874, 877 (Mo.App. E.D.1994). Courts use a non-exclusive list of factors that are relevant to this "content-reliability analysis." *Redman*, 916 S.W.2d at 790–91. The court is not, however, automatically required to articulate in writing which of these factors support its conclusion that the victim's statements are reliable. We do not even require a specific finding of reliability under section 491.075, although such a finding is preferred. *State v. Tringl*, 848 S.W.2d 29, 31 (Mo.App. E.D.1993) (citing

---

**2.** Brethold's constitutional references do not alter this analysis. He was not denied his rights to confrontation or due process because the victim was present in court and subject to cross-examination, the court conducted a careful and thorough hearing and

Brethold had a reasonable opportunity to submit a complete defense to the jury. *See State v. Wright*, 751 S.W.2d 48, 51–53 (Mo. banc 1988); *State v. Garner*, 14 S.W.3d 67, 73 (Mo.App. E.D.1999).

Fraction, 782 S.W.2d at 767). Rather, the court's finding of reliability is implicit when the defendant's objections are overruled and the witnesses are permitted to testify at trial. *Id.* We will not require trial courts to articulate their analysis and identify which of the factors in a nonexclusive list they used when they are not even required make a specific finding of reliability. This is especially true where, as here, the court explicitly referred to the relevant subsections of the statute and there was no specific, timely objection or request for further findings.

Moreover, Brethold has wholly failed to show that the trial court's implicit finding of reliability in this case was an abuse of discretion—much less that it was plain error.

Point II is denied.[3]

### III.  CONCLUSION

The judgment is affirmed.

GEORGE W. DRAPER III, C.J. and LAWRENCE G. CRAHAN, J. concurring.

---

**3.** Brethold's constitutional arguments fail with respect to this point as well. *See Wright,* 751 S.W.2d at 51–53.