**STATE of Missouri, Respondent,**

v.

**Charles F. NEELY, Appellant.**

**No. 35797.**

Missouri Court of Appeals,
St. Louis District, Division Four.

June 24, 1975.

Charles D. Kitchin, Public Defender, John F. Bauer, James C. Jones, Charles S. Stone, Asst. Public Defenders, St. Louis, for appellant.

John C. Danforth, Atty. Gen., Asst. Atty. Gen. K. Preston Dean, II, Jefferson City, Brendan Ryan, Circuit Atty., J. Paul Allred, Jr., Asst. Circuit Atty., St. Louis, for respondent.

ALDEN A. STOCKARD, Special Judge.

Appellant Charles F. Neely, charged with second degree murder, was found guilty by a jury of manslaughter and sentenced to the custody of the Department of Corrections for a term of five years.

There is no challenge to the sufficiency of the evidence, and it is sufficient to say that a jury reasonably could find that appellant caused the death of Bessie Hamilton by striking her on the head with a beer mug.

Appellant's only contention of error is that the trial court erred in denying his motion for a mistrial "when the defendant was paraded in shackles once in front of the entire jury panel and once in front of the actual jury." We affirm.

At no time was appellant "paraded" any place "in shackles." The implication of this assertion is not justified by the record.

The trial took place in the Civil Courts Building in the City of St. Louis which was not the building where criminal cases usually are heard, and there did not exist in that building the normal security facilities, such

as retaining cells near the courtroom. The deputy sheriff who was charged with maintaining custody of appellant during the trial testified at the hearing on appellant's motion for a mistrial that after the court recessed at approximately 4:30 o'clock, on Monday afternoon, June 25, 1973, he placed handcuffs on appellant while he was still in the courtroom. He then took him into the hallway to an elevator, and then to the sheriff's office on the first floor of the building. At the time there were at least some of the members of the jury panel in the hallway apparently waiting for an elevator, but they did not ride in the elevator with appellant. When the court recessed the trial at the end of the second day, the deputy sheriff again placed handcuffs on appellant, took him into the hallway to an elevator, and took him to the sheriff's office. At that time "part" of the jury was in the hallway, but none of them rode in the elevator with appellant. At no time during the trial, or during short recesses, were handcuffs placed on appellant while he was in the courtroom, and there is no showing in the record that any member of the jury panel or of the jury was in the courtroom when the handcuffs were placed on appellant preparatory to taking him to the elevator.

In State v. Fields, 487 S.W.2d 560 (Mo. 1972), the same ground for reversal was asserted because the defendant, in the presence of the jury, was brought into the courtroom in handcuffs. Quoting from United States v. Leach, 429 F.2d 956, 962 (8th Cir. 1970), the Court held: "It is a normal and regular as well as highly desirable and necessary practice to handcuff prisoners when they are taken from one place to another, and the jury is aware of this.

This is necessary to prevent an escape and possible injury to others in an escape attempt." We consider this case to be controlling of the issue presented on this appeal.

Appellant relies on Illinois v. Allen, 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970). That case pertained to permissible methods to control an obstreperous accused during trial, and is not controlling in view of the facts of this case. Appellant also relies on State v. Robinson, 507 S.W.2d 61 (Mo.App.1974). In that case the accused was unnecessarily shackled in the courtroom in the presence of the jury during trial, and is not pertinent to this case. Appellant also cites State v. Johnson, 499 S.W.2d 371 (Mo.1973), and State v. Richards, 467 S.W.2d 33 (Mo.1971). In those cases necessary restraints in the courtroom during trial were held to have been justified because of the misconduct of the accused. State v. Yates, 442 S.W.2d 21 (Mo. 1969), also cited, is no more than indicative of the concern of appellate courts to protect an accused from an abuse of a customary practice of using handcuffs when transporting an accused to and from a courtroom.

There is nothing in the record before us to indicate that the officer charged with the custody of appellant, who was being tried for a homicide, exceeded or abused his right and duty to take reasonable precautions for the retention of that custody.

The judgment is affirmed.

SMITH, C. J., and NORWIN D. HOUSER, Special Judge, concur.