**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Samuel A. BONNARENS,
Defendant-Appellant.**

**No. 14296.**

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 26, 1987.

Motion for Rehearing and Transfer
Denied and Overruled
Feb. 17, 1987.

---

James D. McNabb, Asst. Public Defender, Springfield, for defendant-appellant.

William L. Webster, Atty. Gen., Elizabeth A. Levin, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

MAUS, Judge.

The defendant was charged with having committed murder in the second degree on August 18, 1984, by causing the death of William J. Morgan by striking and kicking him. § 565.008.2. A jury found he was guilty. In accordance with the verdict, he was sentenced to imprisonment for life. He presents one point on appeal.

There is no doubt the evidence is sufficient to sustain the conviction. The following is a concise summary. On the evening of August 18, 1984, the defendant and Graylen Shelton were in Jenny Lind Park in Springfield. They had been taking valium and drinking beer. During the evening, the decedent came into contact with them. For an unexplained reason, the two struck and kicked the decedent. They left him sitting on the ground leaning against a picnic table.

Defendant and Shelton left the park to purchase another 12-pack of beer. When they returned, they found the decedent in a rest room. They gave him a beer to drink. They then poured beer on him. They then kicked him to death. When asked why he kicked "the old man" to death, the defendant replied, "I guess because I was on alcohol and drugs at the time. I don't know why I did it."

The defendant's sole point is that the "trial court erred ... when it failed to quash the jury panel on defendant's motion when the venire was present when defendant was brought through a tunnel from jail and two cameramen trained their cameras on the defendant from the time he emerged from the jail until defendant was in the courtroom...."

The record reflects that the incident referred to in the motion occurred prior to the commencement of voir dire or during a recess in voir dire. After it occurred, the defendant made a motion to quash the panel. He was granted an immediate hearing upon the motion and an opportunity to present evidence. The hearing established the following.

At the time in question, all or part of two jury panels were assembled in the hall outside the courtroom for Division II of the Circuit Court of Greene County. Two television cameramen were in the area, near the tunnel that connects the jail with the courthouse. They apparently were waiting for the defendant to be brought to the courtroom. During the time the defendant was going from the exit of the tunnel to the courtroom, the cameramen trained their cameras upon him. This was for about 15 seconds. A bailiff testified that if any of the assembled prospective jurors had been looking, they could have seen this incident.

To support that point, the defendant cites *Estelle v. Williams*, 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976). That case holds that because of the possible impairment of the presumption of innocence a defendant who is compelled to stand trial before a jury while dressed in identifiable prison clothes has been denied a fair trial contrary to the Fourteenth Amendment. However, it should be noted the court in that case found no error because the defendant did not object.

That case is not applicable. There is no suggestion the defendant was dressed in prison clothes. The issue presented by the defendant's point is the consequence of the exposure of a defendant in custody to a jury or a jury panel. The general topic is the subject of an extensive annotation. Annot., Physical Restraint of Accused, 90 A.L.R.3d 17 (1979). The record does not establish the defendant was escorted by one or more identifiable officers. Nor does it establish he was in handcuffs or other restraints. However, for the purpose of the presented point, it may be assumed he was so escorted and that he was in handcuffs. Nonetheless, those assumed facts do not establish the defendant's point has merit.

The applicable law followed by the overwhelming majority of jurisdictions has been summarized.

In each of the following illustrative cases, it was held that where physical restraints were used on the accused in a hallway, corridor, or other location outside the courtroom, but not in the courtroom, and where such restraints were used merely as a security measure in bringing the accused to or from the place of trial, rather than to restrict the accused's conduct while the trial was in progress, the use of such restraints was proper, or was not prejudicial, even if some jurors may have briefly observed the accused in such restraints outside the courtroom.

Annot., 90 A.L.R.3d 17 § 23[a], supra, at 130. Examples of cases stating and applying that principle of law include the following. *United States v. Diecidue*, 603 F.2d 535 (5th Cir.1979); *United States v. Carr*, 647 F.2d 867 (8th Cir.1981), cert. denied, 454 U.S. 855, 102 S.Ct. 303, 70 L.Ed.2d 149 (1981); *Taylor v. State*, 372 So.2d 387 (Ala. Cr.App.1979); *Hamrick v. People*, 624 P.2d 1320 (Colo.1981); *People v. Walsh*, 80 Ill. App.3d 754, 36 Ill.Dec. 167, 400 N.E.2d 587 (1980); *Johnson v. State*, 267 Ind. 256, 369 N.E.2d 623 (1977), cert. denied, 436 U.S. 948, 98 S.Ct. 2855, 56 L.Ed.2d 791 (1978); *State v. Montgomery*, 291 N.C. 235, 229 S.E.2d 904 (1976); *State v. Bonner*, 21 Wash.App. 783, 587 P.2d 580 (1978). For a case involving substantially similar facts see *State v. Van Cross*, 293 N.C. 296, 237 S.E.2d 734 (1977).

The above announced principle has long been the law in this state. It has been summarized that "a brief, inadvertent exposure to the jury of a handcuffed defendant while he is being taken from one place to another does not deprive the defendant of a fair trial." *State v. Berger*, 618 S.W.2d 215, 218 (Mo.App.1981). Also see *State v. Beal*, 470 S.W.2d 509 (Mo. banc 1971); *State v. Hankins*, 642 S.W.2d 606 (Mo.1982); *State v. Cowans*, 643 S.W.2d 628 (Mo.App.1982); *State v. Maggard*, 633 S.W.2d 290 (Mo.App.1982); *State v. Crawford*, 539 S.W.2d 633 (Mo.App.1976); *State v. Neely*, 524 S.W.2d 886 (Mo.App.1975).

Under the circumstances presented, the defendant's point does not establish error. The judgment is affirmed.

PREWITT, P.J., and HOGAN and FLANIGAN, JJ., concur.

In re C.M.E., J.E.E., A.D.B., M.E.S., III.