STATE of Missouri, Respondent,

v.

**Bobby R. SMITH, Appellant.**

**No. WD 39198.**

Missouri Court of Appeals, Western District.

Dec. 29, 1987.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 2, 1988.

Joseph H. Locascio, Sp. Public Defender, Mark G. Camacho, Asst. Sp. Public Defender, Kansas City, for appellant.

William L. Webster, Atty. Gen., Scott L. Templeton, Asst. Atty. Gen., Jefferson City, for respondent.

Before CLARK, P.J., and TURNAGE and MANFORD, JJ.

TURNAGE, Judge.

Bobby R. Smith was convicted by a jury of forcible rape, § 566.030, RSMo 1986[1], kidnapping, § 565.110, and stealing § 570.030. In accordance with the jury verdict, the court assessed punishment at 40 years on the rape charge, 15 years on the kidnapping charge, with such sentence to run consecutive to the 40 year term, and five years on the stealing, with such sentence to run concurrent with the kidnapping.

Smith contends that the prosecutor made an impermissible reference to his failure to testify and that the court erred in overruling his objection to the jury. Affirmed.

At the conclusion of the voir dire and after each side had made their peremptory strikes, Smith's counsel told the court he wanted to make a record with regard to the exercise by the State of their peremptory challenges under the holding in *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Counsel stated Smith was black and that the State had used three of its peremptory challenges to strike blacks from the jury panel and had exercised one peremptory challenge to exclude a black from the three panel members from which an alternate would be chosen. Counsel stated that the burden shifted to the State under *Batson* to give a neutral reason for the exercise of their peremptory challenges.

The assistant prosecutor immediately went through the list of blacks that had been stricken and stated a race-neutral reason for each one of those strikes. Thereafter, counsel for Smith stated that each of the three blacks had stated that they could impartially listen to the evidence and render a fair decision. The assistant prosecutor gave a short rejoinder.

The next entry shown in the transcript is that the jury was sworn and the preliminary instructions were read. The State and defense made opening statements and the State began presentation of its evidence. There is no record that any objection was made to the composition of the jury after the State gave its explanation, and there was no motion requesting any relief from the court.

Joann B____ visited her former boyfriend at about midnight on October 11, 1984. After arguing with him about the use of his car, Joann left in the car. Shortly after, she was struck in the rear by another car. When she pulled over to stop, the two men in the other car came to her car. One man reached in and took the keys from the ignition and the other pulled Joann out of her car. Joann was placed in the front seat of the other car.

The driver of the car that struck Joann's car was identified as Ceola Swiney, and his passenger was Smith. Swiney testified that it was Smith's idea to ram Joann's car and to place her in the Swiney car. After Joann was forced into Swiney's car, Smith went through her purse and removed various items. Swiney drove the car to a dark secluded spot. Swiney testified that Smith forced Joann into the back seat where Smith raped her. Swiney then testified that following that rape Swiney got in the back seat and forced Joann to commit an act of sodomy. Joann was able to escape when the men allowed her to get out of the car.

1. All sectional references are to Missouri's Revised Statutes, 1986, unless otherwise stated.

Swiney admitted that he had already pled guilty to sodomy and had been sentenced to a term of 15 years. In return for his testimony against Smith, he stated it had been agreed that his 25 year term would be reduced to 15 years.

In his final argument, Smith's counsel contended that Joann was not telling the truth when she denied having had sexual relations with her boyfriend on the night in question. He suggested that, since she had lived with her boyfriend for three years prior to their break-up, she had had relations with him on the night in question and that accounted for the presence of sperm which was found in her physical examination. He contended that Smith did not rape Joann. The assistant prosecutor in his final argument countered that Swiney had been an honest witness and had admitted his guilt. The prosecutor then stated: "This man still denies he even did it. He called Joann B___ a liar—." At that point, counsel moved for a mistrial on the ground that the prosecutor's statement was a comment on the failure of Smith to testify. The court had a part of the argument, before and including the quotation above, read and at the conclusion noted that there was no comment on Smith's failure to testify. The assistant prosecutor told the court that counsel for Smith had stated that Joann was lying and denied that he commented on the failure of Smith to testify. The court refused to grant a mistrial.

■ Smith first contends that the court erred in failing to grant a mistrial because of the prosecutor's argument. Smith contends that it was at least an indirect comment on his failure to testify. In *State v. Arnold*, 628 S.W.2d 665, 669[5] (Mo.1982) (quoting *Eichelberger v. State*, 524 S.W.2d 890, 894 (Mo.App.1975)), the court stated that the test for an indirect comment on the failure to testify is "whether it 'high-lighted' or was 'reasonably apt to have directed the jury's attention to the fact he did not testify.'" There is certainly nothing in the statement that could be said to highlight or to direct the jury's attention to the fact that Smith did not testify. There is no connection between the statement and Smith's failure to testify. From a reading of the entire argument, it is clear that the prosecutor's statement was a reference to counsel and not to Smith. The argument of Smith's counsel was that the rape never occurred and that Joann must not have been telling the truth. Thus, the reference to denial and lying were directed at counsel and not to Smith. That was the way the court construed the argument. Taken in the context in which the statement was made, that conclusion is fully justified. By no stretch of the imagination could the statement be held to indirectly comment on Smith's failure to testify.

■ Smith next contends that the court erred in overruling his objection to the selected jury before it was sworn because he was tried by a jury from which members of his race had been purposely excluded by the exercise of the State's peremptory challenges. The record that was made following the exercise of peremptory challenges is set out above. Immediately upon the objection being made that the State had exercised three of its peremptory challenges to strike blacks from the panel, the State offered race-neutral explanations for each strike. After the State's explanation, there was no request for the court to take any action. The court proceeded with the swearing of the jury and the trial. Smith never objected to the composition of the jury after the prosecutor had offered his explanation and never requested the court to take any action. In fact all further proceedings were conducted without any objection by Smith to the jury composition.

The failure of Smith to obtain a ruling on his objection to the jury composition because of the State's strikes leaves no determination by the trial court for this court to review. By failing to obtain a ruling on his objection, the objection is deemed to have been abandoned. *State v. Young*, 534 S.W.2d 585, 588[1] (Mo.App.1976). In that situation, there is nothing to review.

The judgment is affirmed.

All concur.