STATE of Missouri, Respondent,

v.

Quincy C. VAUGHN, Appellant.

No. WD 68943.

Missouri Court of Appeals, Western District.

Dec. 16, 2008.

Margaret M. Johnston, Esq., Columbia, MO, for appellant.

Shaun J. Mackelprang, Esq., and Dora A. Fichter, for respondent.

Before DIV I: NEWTON, C.J., HARDWICK and DANDURAND, JJ.

LISA WHITE HARDWICK, Presiding Judge.

Quincy C. Vaughn (hereinafter "Vaughn") appeals his convictions for attempted forcible rape, § 566.030 [1], and committing violence against an employee of the Department of Corrections (DOC), § 217.385. In his sole point on appeal he claims that the trial court erred in denying his request for continuance after the venire panel saw him being led into the courtroom by two DOC officers and a deputy sheriff. He claims that this unfairly undermined the presumption of innocence, even though he was in civilian clothes and unshackled, because the potential jurors would see that he was in custody. Finding no error, we affirm.

■ Vaughn was an inmate when he attempted to rape and assaulted a female DOC employee. He remained in the custody of DOC at the time of trial, although he was temporarily housed at the Atchison County Jail. Before jury selection began, he was led into the courtroom from a private door near the judge's bench accompanied by two uniformed DOC officers and a uniformed deputy sheriff. At the judge's direction, he was in civilian clothes and neither shackled nor handcuffed. Because the venire panel was seated at this time, his counsel requested a continuance, which was denied. Despite DOC's preferences, the trial judge did not allow the DOC officers to sit near Vaughn but had them sit in the general audience section of the courtroom. The trial court informed the panel during voir dire without objection that Vaughn was in the Atchison County jail.

Vaughn claims that the manner in which he entered the courtroom left the impression that he was dangerous. He relies upon *Deck v. Missouri*, 544 U.S. 622, 125 S.Ct. 2007, 161 L.Ed.2d 953 (2005), which held that the use of restraints is inherently prejudicial. *Deck* does not apply to the extent that, not only was Vaughn not restrained in fact, but there was no suggestion of restraint. The sole basis of any argument that a suggestion was made that he was dangerous comes from the appearance that he was in custody.

The United States Supreme Court has held that no presumption can be made that the use of identifiable security guards in the courtroom is inherently prejudicial. *Holbrook v. Flynn*, 475 U.S. 560, 569, 106 S.Ct. 1340, 89 L.Ed.2d 525 (1986). Many appellate decisions of this state have found no prejudice in far more potentially egregious situations than herein. *See, e.g. State v. Smith*, 996 S.W.2d 518, 523 (Mo. App. W.D.1999) (holding that brief expo-

1. All statutory references are to RSMo 2000, updated through the 2007 Cumulative Supplement.

sure to a handcuffed defendant being taken from one place to another did not deny a fair trial); Accord *State v. McMillian,* 779 S.W.2d 670, 672 (Mo.App. E.D.1989); *State v. Bonnarens,* 724 S.W.2d 287, 289 (Mo.App. S.D.1987).

■ Moreover, it was inevitable that the jury would learn of Vaughn's custodial status since he was charged with a crime against a DOC employee while he was an inmate at a DOC facility. The trial court here exercised admirable discretion in minimizing to the maximum extent possible any prejudicial effect to Vaughn because of his custodial status.

We find no error and affirm the judgment.

All concur.