Timothy WILLIAMS, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 95922.

Missouri Court of Appeals,
Eastern District,
Division One.

June 14, 2011.

Lisa Stroup, St. Louis, MO, for Appellant.

Chris Koster, Richard A. Starnes, Jefferson City, MO, for Respondent.

ROY L. RICHTER, Chief Judge.

Timothy Williams ("Williams") appeals the judgment denying his Rule 29.15 [1] motion for post-conviction relief without an evidentiary hearing. Williams claims he was denied effective assistance of appellate counsel, and therefore the motion court clearly erred in denying his request for post-conviction relief. Finding no error, we affirm.

## I. BACKGROUND

A jury convicted Williams of murder in the first degree, armed criminal action, and first-degree burglary. This Court affirmed his convictions and sentences in *State v. Williams*, 177 S.W.3d 858 (Mo. App. E.D.2005). Williams filed a motion for post-conviction relief, which was denied without an evidentiary hearing. In his motion, Williams claimed he was denied effective assistance of appellate counsel ("Counsel") because Counsel failed to argue on appeal that the trial court plainly erred in allowing the jurors to see Williams in "pre-trial custody" because Williams was escorted into the courtroom by two deputies. At trial, Williams' counsel objected to Williams' being accompanied by the two deputies because the jury could conclude Williams was in pre-trial custody, which would be prejudicial. The trial court overruled Williams' objection, noting Williams was in civilian clothing and was not shackled. The motion court found that Williams failed to cite any authority for a finding of error or prejudice under the same or similar circumstances. Thus, the motion court found Williams' claim to

be without merit and denied his request for post-conviction relief. Williams now appeals.

## II. DISCUSSION

In his sole point on appeal, Williams claims the motion court clearly erred in denying his request for post-conviction relief because Counsel was ineffective for failing to raise a claim of error on appeal based upon Williams' alleged "restraint" by the presence of two deputies.

### A. Standard of Review

We review the denial of a Rule 29.15 motion only to determine if the findings of fact and conclusions of law are clearly erroneous. Rule 29.15(k); *Matthews v. State*, 175 S.W.3d 110, 113 (Mo. banc 2005). "Findings and conclusions are clearly erroneous if, after a review of the entire record, the court is left with the definite and firm impression that a mistake has been made." *Moss v. State*, 10 S.W.3d 508, 511 (Mo. banc 2000). The denial of an evidentiary hearing is erroneous if the motion alleged facts, not conclusions, which if true would have entitled the movant to relief. *State v. Blankenship*, 830 S.W.2d 1, 16 (Mo. banc 1992). Furthermore, these facts must not be refuted by the record, and their exclusion must have been prejudicial to the movant. *Id.*

In order to establish a claim of ineffective assistance of counsel, Williams must show that: (1) his counsel's performance failed to conform to the degree of skill, care, and diligence of a reasonably competent attorney; and (2) as a result, he was prejudiced. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Skillicorn v. State*, 22

---

1. All references to Rules are to Missouri Supreme Court Rules (2011).

S.W.3d 678, 681 (Mo. banc 2000). To prove prejudice, Williams must show there is a reasonable probability that, but for his counsel's poor performance, the result of the proceeding would have been different. *Skillicorn,* 22 S.W.3d at 681.

■ Our review of a claim of ineffective assistance of appellate counsel is governed by the same standard as that employed regarding claims concerning trial counsel as set forth in *Strickland. Tilley v. State,* 202 S.W.3d 726, 735 (Mo.App. S.D.2006). Williams must show appellate counsel's performance was deficient and prejudice resulted therefrom. *Id.* In addition, strong grounds must exist to show appellate counsel failed to assert a claim which would have required reversal had it been asserted and which was so obvious from the record that competent counsel would have recognized it and asserted it. *Moss,* 10 S.W.3d at 514.

### B. Appellate Counsel was not Ineffective

■ Williams argues that Counsel should have argued on direct appeal that the trial court plainly erred in allowing the jurors to see Williams in pre-trial custody because he was brought into the courtroom by two deputies, and the deputies remained in the courtroom for several hours.[2] According to Williams, this effectively allowed the jurors to see him "in restraints." Williams relies on *Deck v. Missouri,* 544 U.S. 622, 125 S.Ct. 2007, 161 L.Ed.2d 953 (2005), for his argument that the use of restraints is inherently prejudicial. In *Deck,* the Supreme Court found that due process prohibits the routine use of *visible* shackles, but shackling may be justified in particular circumstances. *Id.*

at 633, 125 S.Ct. 2007. (emphasis added). The defendant in *Deck* was visibly shackled throughout the trial with leg irons, handcuff, and a belly chain. *Id.* at 622, 125 S.Ct. 2007.

■ In the present case, no visible restraints were used. Instead, the circumstances here were simply that Williams was accompanied by two deputies into the courtroom, and the deputies remained in the courtroom for a portion of the proceedings. The trial court noted Williams was not shackled, and he was dressed in civilian clothing. As the court noted in *State v. Vaughn,* 271 S.W.3d 632, 633 (Mo.App. W.D.2008), *Deck* does not apply in this case where there was no restraint in fact, nor was there any suggestion of restraint. The record shows only that two deputies "accompanied" Williams into the courtroom and remained in the courtroom. There is no presumption of inherent prejudice in the presence of guards in the courtroom. *Vaughn,* 271 S.W.3d at 633. "Many appellate decisions of this state have found no prejudice in far more potentially egregious situations than herein." *Id.*

As a result of the foregoing, we cannot conclude that there is a strong likelihood that had appellate counsel raised this issue on direct appeal, Williams' convictions would have been reversed and he would have received a new trial. Thus, the motion court did not clearly err in denying Williams' request for post-conviction relief. Point one on appeal is denied.

### III. CONCLUSION

The motion court's judgment is affirmed.

---

**2.** Williams notes that trial counsel did object to the presence of the deputies at trial but did not include the claim in a motion for new trial. Therefore, the issue was not preserved

for appeal, and any review of the issue on direct appeal would have been for plain error. *State v. Seibert,* 103 S.W.3d 295, 298 (Mo.App. S.D.2003).

KENNETH M. ROMINES, J., and KENNETH F. THOMPSON, Sp. J., concur.