

# IN THE MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

| | |
|---|---|
| STATE OF MISSOURI, | ) |
| | ) |
| Respondent, | ) |
| | ) WD78926 |
| v. | ) |
| | ) OPINION FILED: |
| | ) October 25, 2016 |
| ROBERT JOSEPH NEIGHBORS, | ) |
| | ) |
| Appellant. | ) |

**Appeal from the Circuit Court of Pettis County, Missouri**
**The Honorable Dennis A. Rolf, Judge**

**Before Division IV:** Mark D. Pfeiffer, Chief Judge, and
Victor C. Howard and Gary D. Witt, Judges

Mr. Robert Neighbors ("Neighbors") appeals the judgment of the Circuit Court of Pettis County, Missouri ("trial court"), which found him guilty of two counts of felony first-degree child molestation following a jury trial. We affirm.

## Factual and Procedural Background

In late 2012 and early 2013, Neighbors lived in a house with several family members, including his niece ("Mother"), nephew-in-law ("Father"), and their daughter, Neighbors's seven-year-old great-niece ("Victim"). At some point in early 2013, Victim's parents separated

and Father moved out of the home. Victim continued living with Mother in the home shared with Neighbors but visited Father on most weekends.

While at Father's house one weekend, Victim stated that Neighbors had touched her under her pants. After this disclosure, Father informed Mother, and they went to the Pettis County Sheriff's Department to report the incident to police. Victim was then interviewed by a victim advocate and forensic interviewer named Beth Jackman, and Victim stated that Neighbors "had rubbed her privates with his hand both on top of and under her clothing on more than one occasion."

Neighbors was charged with and convicted by a jury of two counts of felony first-degree child molestation pursuant to section 556.067.[1] Neighbors was also charged as a persistent sexual offender pursuant to sections 558.011 and 566.067. His jury trial regarding these charges was held on June 25-26, 2015, after which the trial court sentenced Neighbors to two consecutive terms of life imprisonment.

During voir dire, there were several issues disputed such that on two occasions the parties and counsel withdrew into the judge's chambers to resolve the disputes. Each time, two uniformed guards escorted Neighbors into chambers, but they did not handcuff or shackle him in any way during either occasion.

At the conclusion of voir dire, defense counsel requested a mistrial based on the fact that the venire panel was permitted to see Neighbors accompanied by the two guards when the parties went into the judge's chambers to discuss disputed issues. The trial court denied the motion.

---

[1] All statutory citations refer to the Revised Statutes of Missouri 2000, as supplemented, unless otherwise indicated.

Prior to trial, the State filed a notice of intent to offer Victim's statements into evidence pursuant to section 491.075.[2]  The motion requested that Victim's statements to Ms. Jackman regarding Neighbors's actions be admitted into evidence, as well as Victim's earlier statements to Father regarding Neighbors's behavior.  Neighbors objected to the admissibility of Victim's out-of-court statements, claiming them to be inadmissible hearsay.

Following a hearing on the section 491.075 motion, the trial court granted the motion, concluding that the time, content, and circumstances of Victim's interview with Ms. Jackman "provide[d] sufficient indicia of reliability to admit the statement into evidence if [Victim] testifie[d] at trial."  The trial court's ruling did not expressly discuss Victim's statements to Father.  However, at trial, Father was permitted to testify regarding Victim's statements to him over defense counsel's objection that Father's testimony was inadmissible hearsay.  Father testified that Victim said Neighbors had touched her underneath her underpants.

This timely appeal followed.

## I.    Trial court's alleged denial of Neighbors's request to excuse the jury panel while he was being escorted from the courtroom by guards

In his first point on appeal, Neighbors contends that the trial court erred in denying an off-the-record request during voir dire to excuse the venire panel while Neighbors was escorted by two uniformed guards into the judge's chambers for discussions about disputed issues relating to voir dire.  Neighbors argues that allowing the venire panel to see him escorted from the courtroom by guards prejudiced the panel against him by making them think that he was in custody and presumably dangerous.  Neighbors has not preserved this argument for appeal.

---

[2] Section 491.075 permits, in certain circumstances, the admission of out-of-court statements made by children under age fourteen as evidence in sex-offense-related criminal proceedings.

Under Missouri law, objections must be made at the earliest possible opportunity, and a failure to object constitutes waiver of the claim on appeal. *State v. Borden*, 605 S.W.2d 88, 90 (Mo. banc 1980) (holding that defendant did not preserve claim of error made during voir dire, opening statement, and direct examination where defendant did not make timely objection to alleged error). "Timely objection to putative error affords the trial court an opportunity to invoke remedial measures rather than relegating appellate courts to the imprecise calculus of determining whether prejudice resulted." *Id. See also State v. S.A.N.*, 158 S.W.3d 863, 866 (Mo. App. W.D. 2005) ("This court, however, is bound by the record on appeal and cannot speculate as to what evidence may have been presented below which is not reflected by the record.") (internal quotation omitted).

Objections must be specific, must set forth a basis for the objection, and must be sufficiently definite so as to alert the trial court that an objection is being made. *See*, *e.g.*, *State v. Lang*, 515 S.W.2d 507, 511 (Mo. 1974) ("It is universally held in Missouri that specific objections are required to evidence, arguments, or statements of counsel, and the objection must call the attention of the Court to the ground or reason for the objection."); *State v. Amick*, 462 S.W.3d 413, 415 (Mo. banc 2015) ("To preserve a claim of error, counsel must object with sufficient specificity to apprise the trial court of the grounds for the objection.") (internal quotation omitted). In addition, "[b]y failing to obtain a ruling on [an] objection, the objection is deemed to have been abandoned." *State v. Peal*, 393 S.W.3d 621, 632 (Mo. App. W.D. 2013) (quoting *State v. Smith*, 744 S.W.2d 476, 478 (Mo. App. W.D. 1987)).

In the present case, the record provides no indication that Neighbors made a specific objection regarding his guard escorts, nor is there any record that the trial court ruled on such an objection. In fact, Neighbors's own brief admits that any request he may have made for the venire

4

panel to be excused while Neighbors was escorted from the courtroom was made off the record. Any off-the-record statements or objections Neighbors made to the trial court regarding the propriety of his guard escorts were clearly insufficient to preserve the issue on appeal, particularly where Neighbors failed to receive a definitive on-the-record ruling from the trial court on any such objection.

Our review is limited to those issues put before the trial court, ruled on by the trial court, and subsequently preserved in the record. Neighbors preserved no objection on this issue for our review and his claim of error is, thus, deemed abandoned.

Point I is denied.

## II. Trial court's denial of Neighbors's request for mistrial

In his second point on appeal, Neighbors contends that the trial court erred in failing to grant his request for a mistrial, because allowing the jury to see him being escorted from the courtroom by guards "made it clear to the panel that [he] was in custody and presumably dangerous, and therefore prejudiced the panel against him prior to the start of trial."

### Standard of Review

We review the trial court's denial of a motion for mistrial for abuse of discretion. *State v. Clemons*, 946 S.W.2d 206, 217 (Mo. banc 1997). "Judicial discretion is deemed abused only when a trial court's ruling is clearly against the logic of the circumstances then before it and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration." *State v. Pope*, 50 S.W.3d 916, 922 (Mo. App. W.D. 2001) (internal quotation omitted). "Control of voir dire is within the discretion of the trial court; only abuse of discretion and likely injury justify reversal." *State v. Parker*, 886 S.W.2d 908, 920 (Mo. banc 1994).

5

"Mistrial is a drastic remedy reserved for the most extraordinary circumstances[,]" and we presume that the trial court is in the best position to determine whether a mistrial is appropriate. *Clemons*, 946 S.W.2d at 217. Reversal of the trial court's decision is only appropriate where the failure to grant a mistrial resulted in the denial of a fair trial. *Id.*

**Analysis**

Under Missouri law, "[a] defendant cannot routinely be visually shackled in the guilt or penalty phase of a criminal trial unless that use is justified by an essential state interest—such as the interest of courtroom security—specific to the defendant on trial." *State v. Taylor*, 298 S.W.3d 482, 512 (Mo. banc 2009) (internal quotation omitted). However, Missouri courts have routinely held that where uniformed officers merely *escort* a defendant into or out of the courtroom, and the defendant's body is otherwise unrestricted, there is no impermissible or prejudicial restraint. *See*, *e.g.*, *State v. Vaughn*, 271 S.W.3d 632, 633 (Mo. App. W.D. 2008) (holding that defendant's escort by uniformed guards into courtroom did not constitute "restraint" where defendant was not shackled or handcuffed). *See also Holbrook v. Flynn*, 475 U.S. 560, 569 (1986) (holding that no presumption can be made that use of identifiable security guards in courtroom is inherently prejudicial).

In the present case, there is no evidence that Neighbors was ever shackled or handcuffed in the presence of the jury. At most, the record only demonstrates that two guards escorted Neighbors into and out of the courtroom on two occasions, which does not, in itself, constitute impermissible restraint. Because there is no evidence that Neighbors was ever restrained by handcuffs, leg shackles, or similar restraints in the presence of the jury panel, he was not

6

impermissibly restrained in the jury's presence.[3]  Accordingly, the trial court did not err in denying

Neighbors's request for a mistrial.

Point II is denied.

### III.  Admission of testimony by Victim's father at trial

In his final point on appeal, Neighbors argues that the trial court erred in overruling his

objection to the admission of testimony by Victim's father at trial.  Specifically, he contends that

Father's testimony was inadmissible hearsay that did not fall within any hearsay exception,

including the hearsay exception outlined in section 491.075.

**Standard of Review**

"The standard of review for the admission of evidence is abuse of discretion."  *State v.*

*Freeman*, 269 S.W.3d 422, 426 (Mo. banc 2008).  "Even if the trial court abuses its discretion in

allowing evidence in, appellant must show the admission of evidence was prejudicial to be entitled

to relief."  *State v. Sprinkle*, 122 S.W.3d 652, 658 (Mo App. W.D. 2003).

**Analysis**

Neighbors's third point argues that the trial court failed to make the specific findings of

reliability regarding Father's testimony as required by section 491.075, which states as follows:

> 1.  A statement made by a child under the age of fourteen . . . relating to an offense
> under chapter 565, 566, 568 or 573, performed by another, not otherwise admissible
> by statute or court rule, is admissible in evidence in criminal proceedings in the
> court of this state as substantive evidence to prove the truth of the matter asserted
> if:
>
> > (1) The court finds, in a hearing conducted outside the presence of the jury
> > that the time, content and circumstances of the statement provide sufficient
> > indicia of reliability; and

---

[3] Furthermore, as we also noted in *Vaughn*, "[m]any appellate decisions of this state have found no prejudice in far more egregious situations than herein."  *State v. Vaughn*, 271 S.W.3d 632, 633-34 (Mo. App. W.D. 2008) (citing additional cases holding that varying amount of jury exposure to handcuffed or shackled defendant did not constitute impermissible restraint).

> (2)(a) The child . . . testifies at the proceedings[.]

§ 491.075.1.

While it is preferred that the trial court make a specific written or oral finding of reliability regarding the witness's proposed testimony, "reliability is implicit when the defendant's objection [at trial] is overruled and the witness[ is] allowed to testify." *Sprinkle*, 122 S.W.3d at 661 n.4 (citing *State v. Tringl*, 848 S.W.2d 29, 31 (Mo. App. E.D.1993)). "We do not . . . require a specific finding of reliability under section 491.075, although such a finding is preferred." *State v. Brethold*, 149 S.W.3d 906, 910 (Mo. App. E.D. 2004).

The record demonstrates that the trial court did not make specific written or oral findings as to the reliability of Father's statements; however, it did both *grant* the State's section 491.075 motion (which included the State's request to include Father's challenged testimony) and *overrule* Neighbors's objection to the admission of Father's testimony at trial.

The trial court did not abuse its discretion by admitting Father's challenged testimony.[4]

Point III is denied.

---

[4] Even assuming, *arguendo*, that there was any merit to Neighbors's objection to Father's testimony, any prejudice to Neighbors was not outcome determinative, and accordingly, there is no error in the admission of the challenged evidence. "Where the evidence of guilt is overwhelming and the prejudicial effect of the [witness's] statement is insignificant by comparison, the admission of the statement is but harmless error. Reversal is not required unless there is a reasonable probability that the improperly admitted evidence contributed to the conviction." *State v. Clemons*, 946 S.W.2d 206, 227 (Mo. banc 1997) (internal citation omitted). Likewise, where there is "other evidence before the court which establishe[s] the same facts[,]" no prejudice is shown. *State v. Merrill*, 990 S.W.2d 166, 171 (Mo. App. W.D. 1999).

At trial, Victim testified that Neighbors "rubbed [her] private whenever [she] was sitting on his lap," and he also touched her "butt" on several occasions. She stated that this sometimes happened in the living room and one time when she was in another uncle's bedroom watching television. The forensic examiner's testimony at trial was essentially identical to Victim's testimony. Accordingly, Father's testimony as to similar facts was, at most, harmless error given the duplicative nature of his testimony and the other admissible testimony, which overwhelmingly supported the jury's finding of guilt.

**Conclusion**

For the foregoing reasons, the trial court's judgment is affirmed.

_____

Mark D. Pfeiffer, Chief Judge

Victor C. Howard and Gary D. Witt, Judges, concur.