

# Missouri Court of Appeals

## Southern District

### Division Two

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| vs. | ) | No. SD36013 |
| | ) | |
| JOSEPH THERON WRIGHT, | ) | FILED: February 11, 2020 |
| | ) | |
| Appellant. | ) | |

APPEAL FROM THE CIRCUIT COURT OF STODDARD COUNTY

Honorable Robert N. Mayer, Judge

**REVERSED AND REMANDED WITH DIRECTIONS**

Convicted of second-degree domestic assault, a class D felony, Appellant received a 12-year sentence as a § 565.079 persistent assault offender, which the state now concedes as error.[1] Finding no merit to Appellant's other point, we reverse and remand for resentencing.

The persistent-assault-offender finding was based on Appellant's two other assault convictions, one in 2012, but the other on August 28, 2018, a week *after* the instant offense. We agree with the parties that this was error; all findings of guilt needed to pre-date the instant offense. § 565.079.10. We also agree that proper recourse is to reverse and remand for resentencing within the range of punishment for a class C felony, three to ten years.[2]

---

[1] Statutory citations are RSMo as amended through 2017.

[2] Both parties acknowledge the court's finding that Appellant also was a § 558.016 persistent felony offender based on his 2012 felony assault plea and a 2011 felony drug plea.

We reject Appellant's other charge that the trial court "abused its discretion or plainly erred" in overruling Appellant's objection to an alleged closing-argument comment on Appellant's failure to testify. Plain error is the applicable standard given the objection's lack of specificity, and no manifest injustice or miscarriage of justice appears.[3] *See **State v. Hawkins***, 328 S.W.3d 799, 812-14 (Mo.App. 2010).

We reverse and remand solely for resentencing consistent with this opinion.

DANIEL E. SCOTT, P.J. – OPINION AUTHOR
JEFFREY W. BATES, C.J. – CONCURS
MARY W. SHEFFIELD, J. – CONCURS

---

[3] We quote the transcript:

> [PROSECUTOR]: [The victim] came. She faced her accuser. She faced her assaulter. Stood on the stand and told you what happened. That's the evidence in this case. And that's what happened here. It's unrefuted. That's the big five dollar word that lawyers use to say there's nobody saying anything else.
>
> [DEFENSE COUNSEL]: Objection, Your Honor. The Defendant's pled not guilty. He's certainly disputing the victim's statements.
>
> [PROSECUTOR]: I'm talking about what's in evidence.
>
> THE COURT: All right. The Court will overrule the objection.

Specific objections to arguments or statements of counsel are required to draw the court's attention to the reason for objection. *See **State v. Neighbors***, 502 S.W.3d 745, 748 (Mo.App. 2016). Here, trial counsel's objection ("The Defendant's pled not guilty. He's certainly disputing the victim's statements.") differs from Point 2 on appeal (impermissible comment on a defendant's right to remain silent).